Anna Y. Park, CA SBN 164242
Michael J. Farrell, CA SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED
2011 SEP 29 PM 12:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SCULLY DISTRIBUTION SERVICES, INC., a wholly-owned subsidiary of THE SCULLY COMPANIES, INC. and RYDER SYSTEM, INC., and DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No. **CV11-8090 CAS (SPx)** <br><br> **COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is a class action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race (Black, Asian), national origin (Hispanic, East Indian), religion (perceived Muslim), and retaliation, and to seek

appropriate relief on behalf of Charging Parties John Trahan, Mohit Narayan, Luis Gallardo, and other similarly-situated individuals with like and related claims. These individuals were adversely affected by these discriminatory practices.

More specifically, Plaintiff United States Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Scully Distribution Services, Inc., a wholly-owned subsidiary of The Scully Companies, Inc. ("Scully") and DOES 1-10 subjected Charging Parties Gallardo and Narayan, and other similarly-situated individuals with like and related claims to disparate terms and conditions of employment on the basis of race (Black, Asian), national origin (Hispanic, East Indian), and religion (perceived Muslim) in violation of Section 703(a) of Title VII. Furthermore, the Commission alleges that Scully subjected Charging Parties Trahan and Narayan, and other similarly situated individuals with like and related claims to a hostile work environment on the basis of race (Black, Asian), national origin (Hispanic, East Indian), and religion (perceived Muslim) in violation of Section 703(a) of Title VII. Lastly, the Commission alleges that Scully discharged Charging Party Trahan in retaliation for having engaged in protected activity in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California, Eastern Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under § 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e- 5(f)(l) and (3).

4. During all relevant times, Defendants Scully Distribution Services, Inc., a wholly-owned subsidiary of The Scully Companies, Inc., and Ryder System, Inc. ("Ryder"), a successor entity to Scully Distribution Services, Inc., have continuously been doing business as a corporation within San Bernardino County, State of California.

5. During all relevant times, Defendants Scully and Ryder have continuously been employers engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

6. At all relevant times, Defendants Scully and Ryder, the successor entity, have continuously employed fifteen (15) or more persons.

7. The Commission is under informed belief that on January 28, 2011, Ryder purchased Scully. The purchase transaction was finalized during June 2011. Ryder is liable as a successor entity based on the following:

    (a) Continuity of operations exists because Ryder is currently engaging in the commercial trucking business and currently employing a number of Scully's former high-level company and alleged discriminating officials;

    (b) Ryder has adequate prior notice of all the EEOC charges, reasonable cause findings, and conciliation process because the same high level company official who responded to the EEOC charges against Scully is currently employed by Ryder; and

    (c) Ryder is a necessary party for the Commission to ensure appropriate injunctive-type and monetary relief, especially where some of the alleged discriminating officials are currently employed by Ryder.

  8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, alter ego, indirect employer, joint employer, single employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

  9. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONDITIONS PRECEDENT

  10. More than thirty (30) days prior to the institution of this lawsuit, Charging Parties John Trahan, Luis Gallardo, and Mohit Narayan filed charges of discrimination with the Commission alleging that Defendants violated Title VII.

11. Prior to the institution of this lawsuit, the Commission issued Letters of Determination on behalf of Charging Parties John Trahan, Luis Gallardo, and Mohit Narayan to Defendants finding reasonable cause to believe that these individuals and others similarly-situated with like and related claims were subjected to discrimination on the basis of national origin (East Indian, Hispanic), race (Black, Asian), and religion (perceived Muslim), and retaliation.

12. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendants' voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion.

13. Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

14. Headquartered in Fontana, CA, Defendant Scully Distribution Services, Inc., a wholly-owned subsidiary of The Scully Companies, was a full service contract carriage company providing custom transportation solutions throughout the western United States. Engaged in the commercial trucking business, Scully provided the equipment, tractors, trailers, customized equipment, drivers, management, and regular maintenance for their customers' distribution needs. Scully maintained over fifty (50) operations within California, Washington, Utah, Colorado, Nevada, Oregon, Arizona, and New Mexico.

15. Scully's Southern California operations included operations in Fontana, CA and Riverside, CA. Scully's Northern California operations included facilities in Stockton, CA, Fresno, CA, Hayward CA, and West Sacramento, CA.

16. From April 2003 through August 2010, Charging Party John Trahan was employed by Scully as a managing official. Most recently during 2010, Charging Party Trahan served as Scully's Operations Manager and oversaw

Scully's operations in Stockton, CA, Fresno, CA, and West Sacramento, CA.

17. In his capacity as Operations Manager, Charging Party Trahan obtained first-hand personal knowledge of Scully's employment practices with respect to terms and conditions of employment for many of Scully's drivers, including their termination process pursuant to company policy.

### Hostile Work Environment

18. Charging Party Mohit Narayan (East Indian, Asian, and perceived Muslim) was employed as a truck driver at Scully's Stockton, CA operation from August 2009 through mid-November 2010.

19. Scully's managing officials, including high-level company officials subjected Charging Parties John Trahan and Mohit Narayan to a hostile work environment on the basis of race (Black, Asian), national origin (Hispanic, East Indian), and religion (perceived Muslim) in violation of Section 703(a) of Title VII.

20. More specifically, high-level company officials referred to African-American employees as "n----rs" and "lazy n----rs." East Indian, Asian, or employees perceived to be Muslim, such as Charging Party Narayan, were referred to as "sand n----r," "Al-Qaeda," "camel jockey," "lazy Arab," and "terrorist." Hispanic employees such as Charging Party Trahan were subjected to comments such as "spic," and being referred to as "gang bangers." Based on the totality of the circumstances, this harassment was (a) objectively and subjectively hostile, (b) found unwelcome by Charging Parties John Trahan and Mohit Narayan, and other similarly-situated individuals, and (c) sufficiently severe and pervasive which altered the employment conditions and created an abusive work environment.

### Disparate Terms and Conditions

21. Charging Party Luis Gallardo (Hispanic) was employed as a truck driver at Scully's Southern California operations in Fontana, CA, from August

2006 through August 2007.

22. Since at least 2006, Charging Parties Luis Gallardo and other similarly situated employees with like and related claims were treated less favorably by Scully. More specifically, Scully subjected a class of Hispanic, African-American, Asian, and East Indian employees to disparate terms and conditions of employment on the basis of national origin (Hispanic, East Indian), race (Black, Asian), and religion (perceived Muslim) in violation of Section 703(a) of Title VII.

23. More specifically, as a commercial trucking business, Scully was required to follow the U.S. Department of Transportation's federal regulations. Under these regulations, truck drivers such as Charging Parties Luis Gallardo and Mohit Narayan, and class member Christopher Franklin were (1) not allowed to work shifts longer than fourteen (14) hours (excluding lunch), (2) not allowed to drive continuously for more than ten (10) hours, and (3) required to have rest periods of at least ten (10) hours before starting a new shift. FED. MOTOR CARRIER SAFETY ADMINISTRATION: INTERSTATE TRUCK DRIVER'S GUIDE TO HOURS OF SERVICE.

24. Pursuant to Scully's company policy, drivers could not work shifts longer than fifteen (15) hours, including lunch. Thus, Scully did not pay overtime hours for shifts that exceeded fifteen (15) hours.

25. Because Scully had clients that required long out of state deliveries to Arizona, Nevada, and Oregon, many of these assignments or "runs" resulted in drivers having to exceed their fifteen (15) hour maximum shift and not be paid for excess hours. Drivers referred to these long undesirable assignments as "illegal runs" because they would inevitably exceed the maximum fifteen (15) hour shift in violation of the Department of Transportation's regulations.

26. Since at least 2006, Scully engaged in a discriminatory practice of requiring minority drivers to make these undesirable "illegal runs" or be subjected

-7-

to harsher treatment like discharge. More specifically, Scully treated White drivers more favorably than Hispanic, Black, Asian, and East Indian drivers if they refused to perform these "illegal runs." For example, if a White driver refused to drive an "illegal run," Scully would not attempt to discharge White drivers and would merely not assign them a "run" that day. However, if a minority driver refused an "illegal run," Scully would seek to discharge that driver.

27. Minority drivers who were required to perform these "illegal runs" inevitably worked shifts lasting 16-18 hours. Accordingly, under company policy, minority drivers were not paid for the hours worked in excess of the fifteen (15) hour maximum shift.

28. Since at least 2006, Scully engaged in a discriminatory practice by openly requiring only African-American/Black, Asian, East Indian, and Hispanic drivers to falsify trip sheets and log books after performing these "illegal runs."

29. Since at least 2006, Scully engaged in a discriminatory practice by failing to provide overnight motel lodging to African-American/Black, Asian, East Indian, and Hispanic drivers during these long "illegal runs." In contrast, only White drivers were provided overnight motel lodging at Scully's expense during long runs that exceeded fifteen (15) hours. Thus, White drivers were more favorably treated because by splitting the shift for long runs, they were allowed to comply with the U.S. Department of Transportation's federal regulations by not exceeding the fifteen (15) hour maximum shift, given adequate rest period, and paid for all hours worked.

30. The unlawful employment practices described in paragraphs 21 through 29 above resulted in non-White employees, such as Charging Party Luis Gallardo and others similarly-situated with like and related claims, being treated less favorably than White employees.

Retaliation

31. As an Operations Manager, Charging Party Trahan was not complicit

in the discriminatory practices, but opposed Scully's discriminatory practices, as described above, on numerous occasions. Charging Party Trahan's opposition was usually met with failure to remedy and verbal threats from upper management. These high level company officials to whom Charging Party Trahan complained to were usually the discriminating officials themselves.

32. On or about July 10, 2010, Charging Party Trahan received a written complaint of discrimination from subordinate employee Mohit Narayan, a Charging Party. Charging Party Narayan complained that he had been subjected to racially offensive comments from his supervisor, the Site Manager at Scully's Stockton, CA operations.

33. Among other things, Charging Party Narayan alleged that the Site Manager had called him a "terrorist," and asked him about attending an "Al-Qaeda" training camp and the date and location of the next "9/11."

34. Immediately after learning of Charging Party Narayan's discrimination complaint, Charging Party Trahan engaged in protected activity by insisting on a meeting with President and Owner Steve Scully to remedy the discrimination and then complaining to the Director of Scully's Northern California Operations that the harasser needed to be terminated.

35. President/Owner Steve Scully ignored Charging Party Trahan's request to meet, but after much persuasion, Charging Party Trahan finally obtained upper management's approval to discipline the harasser for subjecting Charging Party Narayan to racial harassment.

36. On July 16, 2010, Charging Party Trahan again engaged in protected activity by issuing the alleged harasser (Site Manager) an "Employee Action Plan" in response to Charging Party Narayan's harassment complaint.

37. Approximately three (3) weeks after disciplining the alleged harasser (Site Manager), Charging Party Trahan was discharged on August, 10, 2011, in retaliation for having engaged in protected activity.

38. Defendants' high-company officials were put on notice of these discriminatory practices, but failed to take prompt and effective remedial action to prevent and correct the discriminatory practices as described in paragraphs 14 through 37 above.

39. The effect of the practices complained of as described in paragraphs 14 through 38 have been to deprive Charging Parties John Trahan, Mohit Narayan, and Luis Gallardo, class member Christopher Franklin, and other similarly-situated individuals of equal employment opportunities.

40. The unlawful employment practices in paragraphs 14 through 38 above were intentional.

41. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties John Trahan, Mohit Narayan, and Luis Gallardo, class member Christopher Franklin, and other similarly-situated individuals. Punitive damages are warranted given the discriminatory practices were committed in the face of a perceived risk that such actions will violate federal law because (1) high company officials themselves engaged in discrimination, and (2) despite prior notice, Defendant Scully Distribution Services repeatedly failed to engage in effective and prompt remedial action to correct and prevent the unlawful employment practices as described in paragraphs 14 through 38 above.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of race.

B.  Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII.

C.  Order Defendants to make Charging Parties John Trahan, Mohit Narayan, and Luis Gallardo, class member Christopher Franklin, and other similarly-situated individuals whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.  Order Defendants to make Charging Parties John Trahan, Mohit Narayan, and Luis Gallardo, class member Christopher Franklin, and other similarly-situated individuals whole by providing compensation for past and future pecuniary losses, including but not limited to out of pocket expenses suffered by them resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.  Order Defendants to make whole Charging Parties John Trahan, Mohit Narayan, and Luis Gallardo, class member Christopher Franklin, and other similarly-situated individuals by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order Defendants to pay punitive damages for their malicious and/or reckless conduct in an amount to be determined at trial.

G.  Award the Commission its costs of this action.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 "M" Street, N.W
Washington, D.C. 20507

Dated: September 29, 2011

ANNA Y. PARK
Regional Attorney

MICHAEL J. FARRELL
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

**CV11- 8090 CAS (SPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission <br> *Plaintiff* <br> v. <br> Scully Distribution Services, Inc., a wholly-owned subsidiary of The Scully Companies, Inc., and Ryder System, Inc., and Does 1-10, inclusive, <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. <br> CV11-8090 CAS (SPx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Michael J. Farrell, Supervisory Trial
        EEOC, Legal Unit
        255 E. Temple Street, 4th Floor
        Los Angeles, CA 90012

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                             CLERK OF COURT

Date:  SEP 29 2011

                                                                       *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission <br> *Plaintiff* <br> v. <br> Scully Distribution Services, Inc., a wholly-owned subsidiary of The Scully Companies, Inc., and Ryder System, Inc., and Does 1-10, inclusive, <br> *Defendant* | ) ) ) ) Civil Action No. ) **CV11-8090** CAS (SPx) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

  Michael J. Farrell, Supervisory Trial
  EEOC, Legal Unit
  255 E. Temple Street, 4th Floor
  Los Angeles, CA 90012

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: SEP 29 2011

**SHEA BOURGEOIS**

*Signature of Clerk or Deputy Clerk*

SEAL

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

 ☐ I personally served the summons on the individual at *(place)* _____
   on *(date)* _____ ; or

 ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
 _____ , a person of suitable age and discretion who resides there,
 on *(date)* _____ , and mailed a copy to the individual's last known address; or

 ☐ I served the summons on *(name of individual)* _____ , who is
 designated by law to accept service of process on behalf of *(name of organization)* _____
   on *(date)* _____ ; or

 ☐ I returned the summons unexecuted because _____ ; or

 ☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____
              _____
                  *Server's signature*

              _____
                *Printed name and title*


              _____
                  *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| U. S. Equal Employment Opportunity Commission | Scully Distribution Services, Inc., a wholly-owned subsidiary of The Scully Companies, Inc., and Ryder System, Inc., and Does 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Anna Y. Park, U.S. EEOC<br>255 E. Temple Street, Fourth Floor<br>Los Angeles, CA 90012  (213) 894-1083 | Gabrielle Wirth, Dorsey & Whitney LLP<br>38 Technology Dr., Suite 100<br>Irvine, CA. 92618  (949) 932-3690 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 2000e et. seq. Employees subjected to employment discrimination based on national origin, race, religion (perceived Muslim), and retaliation.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-8090

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date September 29, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |